UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY O'DELL SIMMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-15-764-D |
| | ) |
| CARL BEAR, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Timothy O'Dell Simms, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1). United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for a report and recommendation in accordance with 28 U.S.C. § 636(b). As outlined herein, the undersigned recommends that the Petition be dismissed.

### Background

Petitioner is incarcerated at Joseph Harp Correctional Center ("JHCC"), a state-operated prison in Lexington, Oklahoma. Pet. at 1. In July 2015, Petitioner filed this § 2241 Petition seeking, among other things, an order instructing Respondent to release Petitioner from custody.[1] *See id.* at 8. Liberally construed, Petitioner's arguments

---

[1] Petitioner specifically seeks:

(1) an injunctive order compelling state courts to comply with, and enforce their own court Rule 4.E, statutes 12 O.S. § 2012, 12 O.S. § 1333 and 1334; *U.S. v. Ivy*, 83 F.3d 1297 n.47; *Lynce v. Mathis*, 117 S. Ct. 891. And . . . (2) certify this as a class action and appoint counsel for the class; (3) declaratory judgment on all issues raised herein and in the attached; (4) habeas corpus release from

1

challenge the conditions of his confinement, the Oklahoma courts' application of state law and state procedural rules in Petitioner's state habeas proceedings, and Respondent's continued authority to detain Petitioner after the State of Oklahoma "confessed [as] true" the claims Petitioner raised in his state habeas petition. *See generally id.* at 2, 6-7 (citing *Simms v. Addison*, No. HC-2015-0547, Order (Okla. Crim. App. June 18, 2015) (Doc. No. 1-1)). Petitioner organizes his claim that he is "being held in violation of the Constitution, laws, or treaties of the United States" into four grounds for relief, which are discussed below. *Id.* at 6-7.[2]

## Screening Requirement

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[3] R. 4, R. Governing § 2254

---

Respondent's custody; or (5) reverse and remand to state courts, with instructions to immediately release Petitioner from prison.

Pet. at 8 (emphasis omitted and punctuation altered).

[2] Several other prisoners confined at JHCC have filed nearly identical § 2241 petitions with this Court in the past year. *See, e.g.*, Pet. (Doc. No. 1) at 1-8, *Cotner v. Bear*, No. CIV-15-1183-M (W.D. Okla. filed Oct. 20, 2015); Pet. (Doc. No. 1) at 1-8, *McElhaney v. Bear*, No. CIV-15-923-HE (W.D. Okla. filed Aug. 27, 2015); Pet. (Doc. No. 1) at 1-8, *Williams v. Addison*, No. CIV-15-593-M (W.D. Okla. filed May 29, 2015); Pet. (Doc. No. 1) at 1-8, *Kennedy v. Addison*, No. CIV-15-582-F (W.D. Okla. filed May 28, 2015); Pet. (Doc. No. 1) at 1-8, *Simpson v. Addison*, No. CIV-15-537-D (W.D. Okla. filed May 18, 2015); Pet. (Doc. No. 1) at 1-8, *Coughlin v. Bear*, No. CIV-15-536-R (W.D. Okla. May 18, 2015).

[3] "The district court may apply any or all" of the Rules Governing 28 U.S.C. § 2254 Cases to a habeas petition brought under § 2241. R. 1(b), R. Governing § 2254 Cases in U.S. Dist. Cts.; *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005)

Cases in U.S. Dist. Cts.; *accord* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

Discussion

*A.     Standard*

A federal habeas petition "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement" on the ground that the prisoner is in custody in violation of the Constitution or laws of the United States. *Montez v. McKenna*, 208 F.3d 862, 865 (10th Cir. 2000) (internal quotation marks omitted); *see also* 28 U.S.C. §§ 2241(c)(3), 2254(a). Thus, the court must summarily dismiss "a habeas petition that fails to allege facts" indicating that the prisoner's confinement itself violates federal law. *Boutwell*, 399 F.3d at 1211 (citing *Davis v. Franzen*, 671 F.2d 1056, 1057 (7th Cir. 1982)); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1036, 1039 (10th Cir. 2012) (explaining that § 2241 does not extend to claims alleging unconstitutional conditions of confinement). Summary dismissal is also appropriate where the facts alleged are "vague" or "conclusory," or are "palpably incredible" or "patently frivolous or false" when compared to the record before the

---

("The District Court . . . acted within its discretion by applying the Section 2254 Rules to this § 2241 petition.").

district court. *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (internal quotation marks omitted); *see also Wilcox v. Aleman*, 3 F. App'x 920, 922 (10th Cir. 2001).

Summary dismissal is not appropriate, however, where the prisoner alleges specific facts that, if true, would entitle him or her to relief under the applicable federal habeas statute. *Blackledge*, 431 U.S. at 75; *Wilcox*, 3 F. App'x at 921-23; *cf. Machibroda v. United States*, 368 U.S. 487, 495-96 (1962) (holding that the district court could not summarily dismiss a 28 U.S.C. § 2255 motion where the prisoner alleged facts that, "while improbable," would if true entitle him to relief under § 2255). A pro se petitioner's pleading also must be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se petitioner must allege specific facts supporting his or her particular grounds for federal habeas relief. Conclusory allegations and bare legal conclusions are not enough to avoid summary dismissal on the merits. *See, e.g.*, *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012); *Bakalov v. Utah*, 4 F. App'x 654, 657 (10th Cir. 2001); *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971); *Atkins v. Kansas*, 386 F.2d 819, 820 (10th Cir. 1967); *accord Mayle*, 545 U.S. at 655-56; *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

B.  *Petitioner's Pleading*

The facts summarized below, accepted as true, do not state any claim for federal habeas relief. As an initial matter, the "petition contains so many unintelligible and conclusory allegations" that it is "impossible to ascertain the exact errors of fact or law

4

raised for the court's disposition." *Bakalov*, 4 F. App'x at 657. It is also difficult to discern from Petitioner's scattershot allegations whether Petitioner "seeks habeas relief under § 2254 or § 2241, or if [the pleading] is actually intended to initiate a civil rights action . . . against various state officials." *Id.*; *see, e.g.*, Pet. at 2 (challenging both "[h]ow [Petitioner's] sentence is being carried out" and "the validity of [his] conviction or sentence as imposed"), 7 (describing the conditions of Petitioner's confinement), 8 (seeking equitable relief other than release from custody).

    1. <u>Alleged State Law Violations in Grounds One, Two, and Four</u>

Petitioner premises his claims in Grounds One, Two, and Four on alleged violations of state law:

- In Ground One, Petitioner asserts that the Oklahoma courts "suspend[ed] habeas corpus, due process, and access to courts" "as retaliation and discrimination against Petitioner . . . because of his disabilities." *See* Pet. at 1-2, 6 (emphasis omitted). Petitioner explains that he filed a petition for a writ of habeas corpus in the District Court of Cleveland County, Oklahoma, but that court "refused to comply with 12 O.S. §[§] 1331/1334, then the Okla[homa] Supreme Court and Criminal Appeal Court . . . refused to comply with Okla. Court articles [illegible], suspended habeas corpus, access to court, due process, and violat[ed] the U.S. Constitution (all habeas claims, under state law, in state court, writs confessed true)." *See id.* at 2, 6.

- In Ground Two, Petitioner asserts that his "detention in state prison after commutation/discharge of sentence and ex-post facto enhancement of punishment violate the U.S. Constitution" because "in state court all habeas claims Okla[homa] confessed true" and the Oklahoma courts' "refus[al] to comply with their own statutes and constitution . . . alone should warrant federal habeas relief." *Id.* at 6 (punctuation altered).

- In Ground Four, Petitioner asserts without explanation that the "state courts refuse to comply with or enforce their own court rules, statutes, constitution in post-conviction [proceedings], habeas corpus, ex-post facto parole board rules, laws, composition that voids opportunity for consideration and refus[e] to comply with sentencing court of commutation." *Id.* at 7. Petitioner insists that "there must be a federal means to compel[] state courts and agencies to comply

5

> with their own rules, statute[s], constitution, and U.S. constitution" because "the scheme . . . Petitioner was sentenced under included rights . . . ." *Id.* (emphasis omitted).

Petitioner's common, essential contention in these three Grounds—that the Oklahoma courts "refused to comply with or enforce their own" constitution, statutes, and procedural rules when considering Petitioner's state-court filings—does not state a claim for federal habeas relief. "[F]ederal habeas corpus relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal quotation marks omitted). Accordingly, the undersigned recommends that Grounds One, Two, and Four be dismissed without prejudice because they are not cognizable under 28 U.S.C. § 2241(c)(3). *See Frazier v. Colorado*, 405 F. App'x 276, 278 (10th Cir. 2010); *Rael v. Williams*, 223 F.3d 1153, 1154-55 (10th Cir. 2000).

### 2. Alleged Violations of Federal Law in Ground Three

In Ground Three, Petitioner asserts that he is being held in violation of the Constitution or federal law due to "discriminati[on] against Petitioner because of his disabilities, thereby violating" the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution; the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Prison Litigation Reform Act, 42 U.S.C. §§ 1997-1997e; "and [a] number of other federal laws." *See* Pet. at 7 (emphasis omitted). Petitioner's limited explanation of this claim is that all Oklahoma courts are discriminating against Petitioner

6

because of [his] disabilities of not being able to hire counsel or access funds, or a fully-sto[c]ked law library, up to date, utilized a computer, have assistance of trained legal assistant because of his disability of being male not female, too poor to hire [counsel], because change in law took away his right to commutation or parole consideration, because the parole board is composed 100% [of] law enforcement members . . . .

*Id.* (emphasis omitted and capitalization altered).

If Petitioner "seeks to attack both the conditions of his confinement and the fact or length of that confinement," then he must bring the former claims in a separate civil rights action, *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973), because they are not cognizable under § 2241. *Palma-Salazar*, 677 F.3d at 1036, 1039; *see also Buhl v. Berkebile*, 612 F. App'x 539, 540 (10th Cir. 2015) ("[W]hen a prisoner seeks to challenge the conditions of his confinement via § 2241, we lack jurisdiction to consider his claim.")). And even if construed as a federal civil rights claim, the Petition's allegations are too conclusory to state a claim upon which relief can be granted. *See* Pet. at 7; 28 U.S.C. § 1915A(b)(1). Accordingly, the undersigned recommends that Ground Three also be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by April 15, 2016, in accordance with 28

7

U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 25th day of March, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE