IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY O'DELL SIMMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-764-D |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# **O R D E R**

Timothy O'Dell Simms, a state prisoner proceeding pro se, objects to the Magistrate Judge's Report and Recommendation ("R&R") [Doc. No. 9], which recommends Simms' Petition for Writ of Habeas Corpus be dismissed for failure to state a claim upon which relief can be granted. Exercising de novo review pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court finds the R&R should be adopted and Petitioner's case dismissed.

## I.  BACKGROUND

Simms is currently incarcerated at the Joseph Harp Correctional Center, a state-operated prison located in Lexington, Oklahoma. On July 14, 2015, after his state habeas action in Cleveland County District Court was dismissed for failure to comply with the state's *in forma pauperis* statute, Simms filed the present suit. Liberally construed, Simms alleged he is being unlawfully detained despite his sentence being

"commuted/discharged." Petition for Writ of Habeas Corpus, ¶¶ 3, 5 [Doc. No. 1].

Simms asserted four grounds for relief, restated below in part:

**GROUND ONE:**

"[S]uspension of habeas corpus, due process and access to courts, by an Okla[homa] state dist[rict] courts, Okla[homa] Supreme and Criminal Appeals Courts as [retaliation] and [d]iscrimination ... because of [Simms'] disabilities." In support of this claim, Simms contended the state district court suspended due process and refused to comply with 12 OKLA. STAT. §§ 1331 and 1334, and the Oklahoma Supreme Court and Court of Criminal Appeals "suspended due process, access to court, habeas corpus, refused to comply with Okla[homa] articles ... suspended habeas corpus, access to court, due process, and violat[ed] the U.S. Constitution."

**GROUND TWO:**

"Detention in state prison after commutation/discharge of sentence, and Ex Post Facto enhancement of punishment violate the U.S. Constitution and laws." In support of this contention, Simms stated "in state court, all habeas claims Okla[homa] confessed true ... all state courts suspended habeas corpus, and process, and refuse to comply with their own statutes, and constitutions – this alone should warrant ... habeas relief."

**GROUND THREE:**

"Discrimination against Petitioner because of his disabilities thereby violating 1st, 5th, 8th and 14th Amend[ments] and ... number of other federal laws." Simms stated he was discriminated against "because of Petitioner's disabilities of not being able to hire counsel or access funds or a fully-sto[c]ked law library, up to date, utilized computer have assistance of trained legal assistant because of disability of being male not female, too poor to hire counsel, because change in law took away his right to commutation or parole consideration because the parole board is composed 100% [of] law enforcement members in violation of

the separation of process claim of our U.S. Constitution."

**GROUND FOUR:**

"Declaratory judgment of rights status, when state courts refuse to comply with [or] enforce their own court rules, statutes, constitution in post-convictions, habeas corpus, Ex Post Facto parole board rules, laws .... In further support, Simms stated "there must be a federal means to compel state courts ... to comply with their own rules, statute, constitution and U.S. Constitution[.]

Petition at 6-7.

Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Charles B. Goodwin for screening and a report and recommendation. As an initial matter, the magistrate noted Simms' petition contained so many unintelligible and conclusory allegations that it was impossible to ascertain the exact nature of his action or the errors complained of. R&R at 4-5. Substantively, the magistrate found grounds one, two, and four failed to state a federal claim since they were not proper challenges under § 2241. *Id.* at 6. As to Simms' third ground for relief, the magistrate found Simms' allegations were too conclusory to state a claim upon which relief could be granted. *Id.* at 7. Simms timely filed his objection.

**II.  DISCUSSION**

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court stated that in order to state a claim for relief, a complaint must contain sufficient facts that,

if assumed to be true, state a claim to relief that is plausible on its face. *Id*. at 547; *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010) (noting the "plausibility" standard announced in *Twombly* also applied to prisoner complaints) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Upon review of Simms' petition and objection, the Court agrees with the magistrate's initial conclusion that Simms' petition, even liberally construed in his favor, is replete with vague, conclusory allegations and so indecipherable that the true nature of his action (and objection), if any, cannot be ascertained. Moreover, Simms' repeated contention that the Oklahoma courts failed to adhere to their own rules is not a proper subject under § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("[Petitioner's] claims of state law violations are not cognizable in a federal habeas action.") (citing 28 U.S.C. §§ 2241(c)(3), 2254(a)). The pleading deficiencies in Simms' petition are also present in his objection, which is likewise filled with similar conclusory allegations that fail to provide any substance to his objections to the R&R. Accordingly, the Court finds the magistrate's Report and Recommendation to be well-founded and should be followed.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge is hereby **ADOPTED**. Petitioner's Petition is hereby **DISMISSED WITHOUT PREJUDICE** as set forth herein. A judgment shall be

issued accordingly.

**IT IS SO ORDERED** this 2nd day of May, 2016.

_/s/ Timothy D. DeGiusti_
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE